| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 10/15/2020 |
|---|---|---|---|---|
| **NAME** GALKA, Edward Christopher | | **OFFICER** Natalie Karpac | **JUDGE** Judith E. Levy | **DOCKET #** 16-CR-20254-01 |

| ORIGINAL SENTENCE DATE 09/27/2017 | SUPERVISION TYPE Supervised Release | CRIMINAL HISTORY CATEGORY VI | TOTAL OFFENSE LEVEL 22 | PHOTO |
|---|---|---|---|---|
| COMMENCED 09/09/2020 | | | | |
| EXPIRATION 09/08/2023 | | | | |
| **ASST. U.S. ATTORNEY** C. Barrington Wilkins Linda Aouate | | **DEFENSE ATTORNEY** To Be Determined | | |

**REPORT PURPOSE**

**TO ISSUE A WARRANT**

**ORIGINAL OFFENSE**

Count 1: 18 U.S.C. § 1028A, Aggravated Identity Theft
Count 2: 18 U.S.C. § 1343, Wire Fraud
Count 3: 18 U.S.C. § 641, Theft of Government Money

**SENTENCE DISPOSITION**

Custody of the Bureau of Prisons for a term of 24 months on Count 1, to run consecutive to Counts 2 and 3, 72 months on each of Counts 2 and 3, to run concurrent for a total of 96 months. The defendant shall receive credit for his time in custody from April 12, 2016, through March 31, 2017. Custody to be followed by a one-year term of supervised release on Count 1 to run concurrent with Counts 2 and 3, and three years each on Counts 2 and 3 to run concurrent.

Amended Sentence: 08/25/2020: Custody sentence reduced to time served for compassionate release due to Covid-19 pandemic, pursuant to 18 U.S.C. § 3582(c)(1). The following special conditions were added:

1. Home incarceration for a period of three months. You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.
2. Location monitoring technology for a period of 33 months thereafter, at the discretion of the probation officer. You are restricted to your residence at all times except for employment; education; religious services; medical; substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.
3. The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court or probation officer.
4. The defendant shall participate in the Computer/Internet Monitoring Program (CIMP) administered by the United States Probation Department. The defendant shall abide by the Computer/Internet Monitoring Program Participant Agreement in effect at the time of supervision and comply with any amendments to the program

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 10/15/2020 |
|---|---|---|---|---|
| NAME GALKA, Edward Christopher | | OFFICER Natalie Karpac | JUDGE Judith E. Levy | DOCKET # 16-CR-20254-01 |

during the term of supervision.  Due to the advances in technology, the Court will adopt the amendments to the Computer/Internet Monitoring Program as necessary.  For the purpose of accounting for all computers, hardware, software and accessories, the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the U.S. Probation Department at a reasonable time and manner.  The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.  The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.).

5. The defendant shall enroll and participate in a Cognitive Behavior Therapy program (CBT) as approved by the probation officer, if necessary.

**ORIGINAL SPECIAL CONDITIONS**

1. The defendant shall not use or possess alcohol in any consumable form, nor shall the defendant be in the social company of any person whom the defendant knows to be in possession of alcohol or illegal drugs or frequent an establishment where alcohol is served for consumption on the premises, with the exception of restaurants.
2. The defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol, if necessary.
3. The defendant shall enroll and participate in a Cognitive Behavior Therapy program (CBT) as approved by the probation officer, if necessary.
4. The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.
5. The defendant shall provide the probation officer access to any requested financial information.

Criminal Monetary Penalties:   Special Assessment $300.00 (Paid), Restitution: $342,775.00 (Balance $288,061.11)

The probation officer believes that the offender has violated the following condition(s) of Supervised Release:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1 | **Violation of Standard Condition No. 6:**  "YOU MUST ALLOW THE PROBATION OFFICER TO VISIT YOU AT ANY TIME AT YOUR HOME OR ELSEWHERE, AND YOU MUST PERMIT THE PROBATION OFFICER TO TAKE ANY ITEMS PROHIBITED BY THE CONDITIONS OF YOUR SUPERVISION THAT HE OR SHE OBSERVES IN PLAIN VIEW."<br><br>On October 12, 2020, this writer conducted a scheduled home visit at GALKA's home address.  This writer arrived at the residence during GALKA's scheduled tether time out (between 1:00 p.m. and 2:00 p.m.).  The person under supervision arrived home at approximately 1:50 p.m. and upon seeing this writer stated: "You can't be here." GALKA was reminded that this writer can visit him at any time and he replied, "No, not during my time out." |

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 10/15/2020 |
|---|---|---|---|---|
| NAME GALKA, Edward Christopher | | OFFICER Natalie Karpac | JUDGE Judith E. Levy | DOCKET # 16-CR-20254-01 |

**2**   **Violation of Special Condition:**   "HOME INCARCERATION FOR A PERIOD OF THREE MONTHS.  YOU ARE RESTRICTED TO YOUR RESIDENCE AT ALL TIMES EXCEPT FOR MEDICAL NECESSITIES AND COURT APPEARANCES OR OTHER ACTIVITIES SPECIFICALLY APPROVED BY THE COURT."

On October 2, 2020, this writer met with GALKA in-person and advised him specifically of his tether time out schedule. This writer later followed up in the form of a text message to GALKA reiterating the verbal conversation:

"Your schedule is set and effective today:
Daily time out for exercise and mail: 1pm-2pm
Weekly time out for groceries: Thursday 10am-1pm"
GALKA immediately responded: "Awesome thank you…"

This writer spoke to GALKA on October 11, 2020. During that conversation, the person under supervision mentioned that he had been using his daily hour out to run errands. This writer informed GALKA that he must use his daily hour out in the way it was intended—for exercise and mail. Additionally, GALKA's driver's license is expired and this writer reminded him that he should not be driving unlicensed.

On October 12, 2020, this writer conducted a home visit. GALKA arrived home at approximately 1:50 p.m. This writer observed that the person under supervision was driving and began unloading dry cleaning and grocery bags from the trunk of his car after he parked. When this writer asked GALKA where he had been, he became hostile and stated that this writer cannot dictate how he uses his time out. The person under supervision insisted that he can use his time out doing whatever he wants to do.

**3**   **Violation of Special Condition:**   "HOME INCARCERATION FOR A PERIOD OF THREE MONTHS.  YOU ARE RESTRICTED TO YOUR RESIDENCE AT ALL TIMES EXCEPT FOR MEDICAL NECESSITIES AND COURT APPEARANCES OR OTHER ACTIVITIES SPECIFICALLY APPROVED BY THE COURT."

GALKA has a daily tether curfew of 2:00 p.m. On October 8, 2020, this writer received a tether alert indicating that GALKA did not enter his residence until 2:43 p.m.

**4**   **Violation of Standard Condition No. 13:**   "YOU MUST FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER RELATED TO THE CONDITIONS OF SUPERVISION."

On October 7, 2020, this writer sent GALKA a text message linking him to RemoteCom enrollment for computer/internet monitoring in accordance with his Special Condition. On October 12, 2020, GALKA stated that after reviewing the RemoteCom website, he determined that his iPhone's operating system was not compatible with RemoteCom's software. GALKA

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 10/15/2020 |
|---|---|---|---|---|
| NAME GALKA, Edward Christopher | | OFFICER Natalie Karpac | JUDGE Judith E. Levy | DOCKET # 16-CR-20254-01 |

stated that he purchased a basic "flip phone" instead and reported that since it is not an internet-enabled device, it also cannot be enrolled in RemoteCom monitoring. GALKA stated that he owns no other internet-enabled devices to which monitoring could be applied.

| I declare under penalty of perjury that the foregoing is true and correct. PROBATION OFFICER s/Natalie Karpac/tmg 313-234-5440 | DISTRIBUTION Court |
|---|---|
| SUPERVISING PROBATION OFFICER s/Ann R. Smith 734-741-2076 | PROBATION ROUTING Data Entry |

**THE COURT ORDERS:**

[ X ]   The issuance of a warrant

[ ]   Other

                                              s/Judith E. Levy
                                      United States District Judge

                                      10/15/2020
                                      Date