| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 03/18/2022 |
|---|---|---|---|---|
| **NAME** GALKA, Edward Christopher | | **OFFICER** David Smith | **JUDGE** Judith E. Levy | **DOCKET #** 16-CR-20254-01 |

| ORIGINAL SENTENCE DATE 09/27/2017 | SUPERVISION TYPE Supervised Release | CRIMINAL HISTORY CATEGORY VI | TOTAL OFFENSE LEVEL 22 | PHOTO |
|---|---|---|---|---|
| COMMENCED 11/09/2020 | REVOCATION DATE 02/27/2020 | | | |
| EXPIRATION 10/08/2023 | RECOMMENCED 11/09/2020 | | | |

| ASST. U.S. ATTORNEY C. Barrington Wilkins | DEFENSE ATTORNEY To Be Determined |
|---|---|

**REPORT PURPOSE**

**TO ISSUE A WARRANT**

**ORIGINAL OFFENSE**

Count 1: 18 U.S.C. § 1028A, Aggravated Identity Theft
Count 2: 18 U.S.C. § 1343, Wire Fraud
Count 3: 18 U.S.C. § 641, Theft of Government Money

**SENTENCE DISPOSITION**

Custody of the Bureau of Prisons for a term of 24 months on Count 1, to run consecutive to Counts 2 and 3, 72 months on each of Counts 2 and 3, to run concurrent for a total of 96 months. The defendant shall receive credit for his time in custody from April 12, 2016, through March 31, 2017. Custody to be followed by a one-year term of supervised release on Count 1 to run concurrent with Counts 2 and 3, and three years each on Counts 2 and 3 to run concurrent.

Amended Sentence: 08/25/2020: Custody sentence reduced to time served for compassionate release due to Covid-19 pandemic, pursuant to 18 U.S.C. § 3582(c)(1). The following special conditions were added:

1. Home incarceration for a period of three months. You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.
2. Location monitoring technology for a period of 33 months thereafter, at the discretion of the probation officer. You are restricted to your residence at all times except for employment; education; religious services; medical; substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.
3. The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court or probation officer.
4. The defendant shall participate in the Computer/Internet Monitoring Program (CIMP) administered by the United States Probation Department. The defendant shall abide by the Computer/Internet Monitoring Program Participant Agreement in effect at the time of supervision and comply with any amendments to the program

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 03/18/2022 |
|---|---|---|---|---|
| NAME GALKA, Edward Christopher | OFFICER David Smith | JUDGE Judith E. Levy | | DOCKET # 16-CR-20254-01 |

during the term of supervision. Due to the advances in technology, the Court will adopt the amendments to the Computer/Internet Monitoring Program as necessary. For the purpose of accounting for all computers, hardware, software and accessories, the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the U.S. Probation Department at a reasonable time and manner. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.).

5. The defendant shall enroll and participate in a Cognitive Behavior Therapy program (CBT) as approved by the probation officer, if necessary.

Revocation Sentence: October 27, 2020: Supervised Release was revoked after defendant was found guilty of Violation Counts 1-3. He was sentenced to one month custody to be followed by 35 months of supervised release. All conditions and special conditions previously imposed remain in effect except for original special conditions for location monitoring, which are to be replaced with the following:

The defendant must serve the first 8 months (240 days) in a Residential Reentry Center (RRC). The defendant may leave the RRC for employment, medical appointments, and court appearances only. Social passes are not permitted. The Court requests that subsistence be waived.

Upon completion of the RRC requirement, the defendant will be monitored by the form of location monitoring technology indicated below for a period of 90 consecutive days and must follow the rules and regulations of the location monitoring program. The defendant must pay the costs of the program ($4.17 per day).

_x_ GPS Monitoring (including hybrid GPS)

_x_ You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).

Upon completion of 90-days GPS monitoring, the defendant will be monitored by the form of location monitoring technology indicated below for the remainder of his term of supervision and must follow the rules and regulations of the location monitoring program. The defendant must pay the costs of the program ($4.17 per day GPS, $3.62 per day RF).

_x_ Location monitoring technology at the discretion of the probation officer

_x_ You are restricted to your residence every day at the discretion of the probation officer (Curfew).

Modification: On 12/14/2020, the Court held a Status Conference regarding the offender's reported health condition. The Court ordered the offender to be continued on Supervised Release until the scheduled termination date but modified the special conditions. All other conditions of the sentence remain in effect.

    The following special conditions of supervision are modified:

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 03/18/2022 |
|---|---|---|---|---|
| NAME GALKA, Edward Christopher | | OFFICER David Smith | JUDGE Judith E. Levy | DOCKET # 16-CR-20254-01 |

REMOVE: The defendant must serve the first 8 months (240 days) in a Residential Reentry Center (RRC). The defendant may leave the RRC for employment, medical appointments, and court appearances. Social passes are not permitted. The Court requests that subsistence be waived.

ADD: The defendant shall participate in the Location Monitoring Program for 8 months and abide by all the requirements of the program. Technology at the discretion of the probation office. Home Detention: The defendant is restricted to his residence at all times, with the exception of: employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as approved in advance by the probation officer. The costs of the program are waived.

Modification: On 02/04/2021 the Court held a Status Conference based on a petition from the offender to terminate Supervised Release. The Court denied the offender's request and continued Supervised Release, while modifying the Special Conditions of supervision as follows:

**Remove:**

1. The defendant shall participate in the Computer/Internet Monitoring Program (CIMP) administered by the United States Probation Department. The defendant shall abide by the Computer/Internet Monitoring Program Participant Agreement in effect at the time of supervision and comply with any amendments to the program during the term of supervision. Due to the advances in technology, the Court will adopt the amendments to the Computer/Internet Monitoring Program as necessary. For the purpose of accounting for all computers, hardware, software and accessories, the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the U.S. Probation Department at a reasonable time and manner. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.).

**Add:**

1. You must submit your person, residence, office, vehicle(s), papers, business or place of employment, and any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; you must warn any residents that the premises may be subject to searches.
2. You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). If necessary.
3. The defendant shall take all medications as prescribed by a physician whose care he is under, including a psychiatrist, in the dosages and at the times proposed. If the defendant is prescribed a medication, he shall take it, and the defendant shall not discontinue medications against medical advice.

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 03/18/2022 |
|---|---|---|---|---|
| **NAME** GALKA, Edward Christopher | **OFFICER** David Smith | **JUDGE** Judith E. Levy | | **DOCKET #** 16-CR-20254-01 |

**ORIGINAL SPECIAL CONDITIONS**

1. The defendant shall not use or possess alcohol in any consumable form, nor shall the defendant be in the social company of any person whom the defendant knows to be in possession of alcohol or illegal drugs or frequent an establishment where alcohol is served for consumption on the premises, with the exception of restaurants.
2. The defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol, if necessary.
3. The defendant shall enroll and participate in a Cognitive Behavior Therapy program (CBT) as approved by the probation officer, if necessary.
4. The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.
5. The defendant shall provide the probation officer access to any requested financial information.

Criminal Monetary Penalties: Special Assessment $300.00 (Paid), Restitution: $342,775.00 (Balance $286,981.46)

The probation officer believes that the offender has violated the following condition(s) of Supervised Release:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1 | **Violation of Mandatory Condition:** "YOU MUST NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME." |

According to the U.S. Department of Labor-Office of Inspector General, GALKA is under investigation for Unemployment Insurance Fraud. In February 2022, GALKA contacted the State of Michigan about a retroactive Pandemic Unemployment Assistance (PUA) claim. The goal of this request was to obtain lump sum of PUA benefits that stretched back to the beginning of the COVID-19 pandemic in or about the Spring of 2020. Agents learned that GALKA corresponded with the State of Michigan using email, online web portals, and by telephone. GALKA sent over ten emails to the State of Michigan with documents, explanations, and information regarding his PUA claim.

To support his PUA claim, GALKA had to email and upload certain necessary documents including documentation regarding his recent employment. Of note, GALKA provided two IRS Form 1099s and a paystub claiming he worked for a company called "SIRRUS" with TIN# 82-1153006, and an employer address of 1861 Windwood Drive #104, Rochester Hills, MI 48307.

Of note are the following details:

    a. A 2019 IRS Form 1099-MISC that reports GALKA earned $61,500 from "SIRRUS"
    b. A 2020 IRS Form 1099-MISC that reports GALKA earned $15,000 from "SIRRUS"

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 03/18/2022 |
|---|---|---|---|---|
| **NAME** GALKA, Edward Christopher | **OFFICER** David Smith | **JUDGE** Judith E. Levy | | **DOCKET #** 16-CR-20254-01 |

    c. A March 2020 paystub from "SIRRUS" that reports $5,000 in income

Investigating agents recognized "SIRRUS" as a variant of a sham company used in GALKA's previous schemes. Agents note that they again investigated "SIRRUS ENTERPRISES" and continue to believe it to be a sham company.

Additionally, GALKA was incarcerated on the instant offense from September 2017 until September 2020. According to the Bureau of Prisons, GALKA was not incarcerated anywhere in the State of Michigan for the entirety of 2019.

On March 2, 2020, investigating agents conducted a ruse telephone interview with GALKA. During the call an agent, acting in an undercover capacity, reported to be a State of Michigan Unemployment Insurance Agency (SOMUIA) contractor and made several inquiries regarding the claim and GALKA's employment history. The following items of note occurred during the ruse interview:

    a. GALKA confirmed that he previously spoke and emailed with SOMUIA and provided a "selfie" of himself holding his SOM operator's license. GALKA confirmed that he had submitted his "selfie" and recited his SOM operator's license number to agents, which matched the "selfie" that GALKA had submitted to the SOMUIA.
    b. GALKA confirmed he had submitted the Form-1099s and paystubs from "SIRRUS." GALKA stated that was employed by SIRRUS from 2019 through March 2020 and during that time he lived and worked in the State of Michigan. GALKA said he worked "at least" 40 hours a week making in-person visits to provide technical software support to "SIRRUS" clients in the Detroit Metro Area.
    c. When asked if he resided in any state other than Michigan during 2018 or 2019, GALKA responded in the negative stating that he did not have the money to do so.

GALKA confirmed that he filed a fraud affidavit with SOMUIA after he learned his online account needed to file a PUA claim was locked. GALKA reported that to unlock the account he had to deal with the fraud department of SOMUIA. GALKA claimed to have learned that the fraud lock on the account was due to discrepancies with his legal name varying from his given name and had nothing to do with any fraudulent activity involving him or his name. When asked by the agent if he has ever been involved in any fraud against SOMUIA, GALKA responded in the negative.

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 2296233 | DATE 03/18/2022 |
|---|---|---|---|---|
| **NAME** GALKA, Edward Christopher | | **OFFICER** David Smith | **JUDGE** Judith E. Levy | **DOCKET #** 16-CR-20254-01 |

| I declare under penalty of perjury that the foregoing is true and correct. **SENIOR PROBATION OFFICER** s/David Smith/slg 313 234-5448 | **DISTRIBUTION** Court |
|---|---|
| **SUPERVISING PROBATION OFFICER** s/Steven M. Ely 313 234-5583 | **PROBATION ROUTING** Data Entry |

**THE COURT ORDERS:**

[ X ]   The issuance of a warrant

[  ]    Other


s/Judith E. Levy
United States District Judge

3/21/2022
Date

Page **6** of **6**