No. 22-1324

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 23, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| EDWARD CHRISTOPHER GALKA, ) | |
| ) | |
| Defendant-Appellant. ) | |

Before: BOGGS, THAPAR, and READLER, Circuit Judges.

Edward Christopher Galka appeals the district court's judgment revoking his supervised release and sentencing him to 27 months of imprisonment and nine months of supervised release. The government moves this court to remand the case to the district court for resentencing.

In 2017, Galka pleaded guilty without a written plea agreement to three counts related to a fraudulent scheme to obtain unemployment-insurance benefits: aggravated identity theft, a class E felony, in violation of 18 U.S.C. § 1028A(a)(1); wire fraud, a class C felony, in violation of 18 U.S.C. § 1343; and theft of government money, a class C felony, in violation of 18 U.S.C. § 641. The district court sentenced Galka to a total of 96 months of imprisonment followed by a total of three years of supervised release (concurrent terms of one year on the aggravated-identity-theft count and three years on the other two counts) and ordered him to pay $342,775 in restitution. On direct appeal, Galka's counsel filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We granted counsel's motion to withdraw and affirmed the district court's judgment. *United States v. Galka*, No. 17-2216 (6th Cir. Aug. 13, 2018).

In April 2020, Galka filed an emergency motion for release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the outbreak of COVID-19 at FCI Elkton. In August 2020, after initially denying Galka's compassionate-release motion, the district court granted his request

for reconsideration and entered an amended judgment sentencing him to time served and reimposing a total of three years of supervised release.

Two months later, in October 2020, the probation office petitioned the district court for an arrest warrant, alleging that Galka had violated the conditions of his supervised release. After finding that Galka had committed three violations of his supervised-release conditions, the district court revoked his supervised release and sentenced him to one month of imprisonment followed by 35 months of supervised release.

Galka's supervised release recommenced in November 2020. In March 2022, the probation office petitioned the district court for an arrest warrant, alleging that Galka had violated a condition of his supervised release by committing another crime—unemployment-insurance fraud. The probation office subsequently filed an amended petition adding two more violations: failing to report to his probation officer (1) that he had received a civil-lawsuit settlement and (2) that he was no longer employed. Galka pleaded guilty to the three violations. The district court revoked Galka's supervised release and sentenced him to 27 months of imprisonment, to be served consecutively to any additional sentence arising from the associated employment-insurance-fraud investigation, and nine months of supervised release.

On appeal, Galka's counsel filed an *Anders* brief and a motion to withdraw. We denied counsel's motion to withdraw because the record supported at least one issue of arguable merit. *United States v. Galka*, No. 22-1324 (6th Cir. Aug. 29, 2022). Counsel then filed a merits brief addressing one issue—whether the district court plainly erred by imposing a term of supervised release in excess of the maximum sentence allowed under 18 U.S.C. § 3583(h).

The government now moves this court to remand the case to the district court for resentencing. According to the government, remand is required because Galka's 27-month prison term exceeds the maximum sentence allowed under 18 U.S.C. § 3583(e). When a defendant violates a condition of supervised release, the district court may revoke the term of supervised release "and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3). But the term of imprisonment is capped based on the felony class of the underlying offense. *Id.* Galka was serving

terms of supervised release for wire fraud and theft of government money, both class C felonies. (By that time, the government notes, Galka's one-year term of supervised release for the aggravated-identity-theft count had expired.) The government asserts that, because the statute allows no "more than 2 years in prison" for class C felonies, *id.*, Galka's 27-month prison sentence exceeds the statutory cap and is therefore invalid.

The government points out that the district court could have imposed an aggregate sentence of 27 months of imprisonment by running the prison terms on the two counts consecutively to each other. *See* 18 U.S.C. § 3584; *United States v. Campbell*, 937 F.3d 1254, 1257-58 (9th Cir. 2019); *United States v. Gonzalez*, 250 F.3d 923, 926-29 (5th Cir. 2001). But "[m]ultiple terms of imprisonment imposed at the same time run concurrently unless the court orders . . . that the terms are to run consecutively." 18 U.S.C. § 3584(a). The government asserts that the district court did not order the prison terms to run consecutively to each other and that, absent further explanation, Galka's 27-month prison sentence exceeds the statutory maximum.

According to the government, remand would also resolve the error identified by Galka—the district court imposed a term of supervised release in excess of the maximum sentence allowed under 18 U.S.C. § 3583(h). "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). However, "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* "[I]n determining 'the maximum term of supervised release . . . , 18 U.S.C. § 3583(h) requires that the term be reduced by all post-revocation terms of imprisonment imposed with respect to the same underlying offense, not only by the most-recent term of imprisonment.'" *United States v. Price*, 901 F.3d 746, 750 (6th Cir. 2018) (ellipsis in original) (quoting *United States v. Rodriguez*, 775 F.3d 533, 534 (2d Cir. 2014)).

The maximum term of supervised release for Galka's underlying wire-fraud and theft-of-government-money offenses is three years. *See* 18 U.S.C. § 3583(b)(2). The district court sentenced Galka to nine months of supervised release, apparently subtracting the newly imposed

27-month prison term from the three-year maximum term of supervised release but failing to subtract the one-month prison term imposed upon the revocation of his supervised release in 2020. *See id.* § 3583(h).  The government agrees with Galka that, if the district court were permitted to impose a 27-month prison term on each count, the statute limited the additional term of supervised release on each count to eight months.  The government points out that, if the district court were to change Galka's prison sentence on remand, the resolution of the error in his term of supervised release would be affected.

For the reasons asserted by the government, we **GRANT** the motion to remand, **VACATE** the district court's revocation judgment, and **REMAND** for resentencing.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk