UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,    Case No. 16-cr-20254

v.             Judith E. Levy
              United States District Judge
Edward C. Galka,
              Mag. Judge David R. Grand
      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [171]

Before the Court is Defendant Edward C. Galka's *pro se* motion for reconsideration under Federal Rule of Civil Procedure 59(e) filed on April 27, 2023.[1] (ECF No. 171.) Defendant separately filed a brief in support of his motion. (ECF No. 172.) In his motion, Defendant challenges the sentence imposed at the re-sentencing hearing held on April 19, 2023. He argues that he should have received credit at sentencing for his period of

---

[1] The Court notes that Defendant's motion is docketed as a "motion for re-sentencing" and mentions "motion for resentencing" in the title. (*See* ECF No. 171.) However, because Defendant states that he "request[s] his motion for resentencing to [be] considered a motion for reconsideration of his sentence as allowed under FRCP Rule 59(e)," the Court views Defendant's motion as one brought under Rule 59(e).

home detention under 18 U.S.C. § 3585. (*See id.* at PageID.1364–1365; ECF No. 172.) He also "request[s] that reconsideration be given in granting his motion for an appeal bond because it is likely that he will be successful on appeal." (ECF No. 171, PageID.1366.)

"The Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, but the Supreme Court has held that defendants may file them in criminal cases." *United States v. Jackson*, No. 1:16-cr-20347, 2023 WL 36067, at *1 (E.D. Mich. Jan. 4, 2023) (citing *United States v. Ibarra*, 502 U.S. 1, 6–7 (1991) (per curiam); *United States v. Mack*, 831 F. App'x 787, 787 (6th Cir. 2020)). "Motions for reconsideration in criminal cases are generally treated like motions for reconsideration in civil cases." *Id.* (quoting *United States v. Estrada*, No. 14-cr-20425, 2022 WL 17682630, at *1 (E.D. Mich. Dec. 14, 2022)).

Federal Rule of Civil Procedure 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). "Rule 59(e) allows for reconsideration; it does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

"Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Defendant does not present new evidence or show that the Court made an error. First, the Court did not err because it lacks the authority to make a credit determination at sentencing. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (holding that "the district court cannot determine the amount of the credit at sentencing" and that the Bureau of Prisons must "make the [credit] determination as an administrative matter when imprisoning the defendant"); *see also United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons."). Second, Defendant does not provide any explanation for why he thinks the Court made a mistake in denying his motion for an appeal bond. (*See* ECF No. 171, PageID.1366; ECF No. 172.) Accordingly, Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: May 23, 2023           s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
